Xavier C. Riccóbono, J.
The plaintiff and the defendant each move for summary judgment under rule 113 of the Rules of Civil Practice in this action by the Commissioners of the State Insurance Fund to recover an alleged overpayment of disability benefits under the Disability Benefits Law (Workmen’s Compensation Law, § 200 et seq.). The overpayment in suit amounts to $147.96.
During the period in question, the defendant had two employers. His total average weekly wages were $398.08 and these earnings, derived from two employers, necessitated an appor *1085 tionment or prorating of the defendant’s disability benefits in accordance with subdivision 2 of section 204 of the Disability Benefits Law, which provides, in part, as follows: 1 £ The weekly benefit for a disabled employee who is concurrently eligible for benefits in the employment of more than one covered employer shall, within the maximum and minimum herein provided, be one-half of the total of the employee’s average weekly wages received from all such covered employers, and shall be allocated in the proportion of their respective average weekly wage payments.”
The defendant filed a claim against the insurance carriers covering both of his employers and recovered full compensation from each carrier, without any prorating as provided by the applicable statute. As hereinabove indicated, the present action involves the claim of one of these carriers, the State Insurance Fund, for the overpayment which it made.
It is true that the employer’s statement of accident to the State Insurance Fund mentioned the fact that the defendant was concurrently employed by another employer at the time he was injured. There was, however, no mention of the fact that the defendant’s other employer carried insurance covering the defendant (with the Zurich Insurance Company) under which the defendant was also entitled to disability benefits in accordance with the Disability Benefits Law.
In any event, this is a clear case of unjust enrichment involving the receipt by the defendant from the plaintiff, of benefits to which he was not entitled. The defendant relies upon Commissioners of State Insurance Fund v. Miller (4 A D 2d 481), and similar cases. These have no applicability. An individual may carry as many accident, sickness and other disability insurance policies as he likes, and if he pays the premiums for all of them, he is entitled to the benefits payable 1o him under each of them. However, disability benefits payable under the Workmen’s Compensation Law are such only as provided by law. An injured employee is entitled to those benefits and to no others, to no more and no less than the law allows him. The disability benefits to which such employee is entitled are fixed not merely by the terms of the insurance policy which his employer carries, but by the law itself. Thus, this defendant’s disability benefits were required to be prorated in accordance with the statute (Workmen’s Compensation Law, § 204, subd. 2). The overpayment involved here was made to him under a mistake of fact, and he may not in good conscience retain it. His alleged defenses of wTaiver and estoppel are without merit. These are equitable defenses *1086 which are not applicable or sustainable. Indeed, the defendant’s position does not accord with equity.
The defendant also asserts that this court is without jurisdiction in this matter and that the State Insurance Fund must seek a remedy before an administrative tribunal, the Workmen’s Compensation Board. However, the Workmen’s Compensation Board would have no power to direct a refund and no way of enforcing such a direction, if it made one. Since there is no administrative remedy, jurisdiction is necessarily lodged in the court. This does not in substance differ from any other action of a quasi-contractual nature (cf. People v. Sheiman, 207 Misc. 788). Nothing beyond a simple arithmetical computation is involved, for which there is no need to go to the Workmen’s Compensation Board.
The motion of the plaintiff for summary judgment under rule 113 of the Rules of Civil Practice is granted. Judgment may be entered in favor of the plaintiff and against the defendant in the sum of $147.96 with interest from April 4, 1957. Execution is stayed for 10 days after service upon the defendant of notice of entry of judgment.
The defendant’s motion for summary judgment under rule 113 of the Rules of Civil Practice is denied.